**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Anthony Castle,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Berks Credit & Collections, Inc.; DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No.: 1:15-cv-1130<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

For this his First Amended Complaint, Plaintiff, Anthony Castle, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, a consumer protection statute prohibiting debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business in the District and a substantial portion of the acts giving rise to this action occurred in the District.

**PARTIES**

4. The Plaintiff, Anthony Castle ("Plaintiff"), is an adult individual residing in Washington, District of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39)..

5.  The Defendant, Berks Credit & Collections, Inc. ("BCC") is a business entity with an address of 900 Corporate Drive, Reading, Pennsylvania 19605. As its principal business, Berks regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another.  As such, Berks is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3), and is a "person" as defined by 47 U.S.C. § 153(39).

6.  Does 1-10 (the "Collectors") are individual collectors employed by BCC and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  BCC at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9.  The Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was a consumer credit sale or a direct installment loan.

11. Thereafter, the Debt was purchased, assigned or transferred to BCC for collection, or BCC was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. BCC Engages in Harassing Debt Collection Tactics

13. In December 2014, BCC began calling Plaintiff in an attempt to collect the Debt from Annie Harrison (the "Debtor").

14. During all times mentioned herein, BCC called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone.

15. BCC used an automated voice when placing calls to Plaintiff indicating it was attempting to reach the Debtor.

16. Plaintiff does not know the Debtor and is no way responsible for the repayment of the Debt.

17. Plaintiff did not provide BCC with consent to call his cellular phone.

18. During a live conversation in January 2015, Plaintiff informed BCC that it was calling his personal cellular telephone and that the Debtor was unknown to him and unreachable at his telephone number.

19. Plaintiff instructed BCC to remove his telephone number from the account and cease all communications with him.

20. However, despite knowing the Debtor could not be reached at Plaintiff's number and ignoring Plaintiff's request to stop the calls, BCC continued calling Plaintiff in an attempt to collect the Debt at an annoying and harassing rate.

## C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third party's debt on numerous occasions, without being asked to do so.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TCPA - 47 U.S.C. § 227, *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. Plaintiff never provided his cellular telephone number to BCC or the Creditor and never provided his consent to be contacted on his cellular telephone.

4

32.     Without prior consent BCC contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

33.     Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

34.     The telephone number called by BCC was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

35.     The calls from BCC to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36.     BCC's telephone system has the capacity to store numbers in a random and sequential manner.

37.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named Defendants, jointly and severally, awarding the Plaintiff

Case 1:15-cv-01130-JDB   Document 1   Filed 07/15/15   Page 6 of 6

actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Awarding the Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 15, 2015

Respectfully submitted,

By: /s/ Jody Burton
Jody B. Burton, Esq.
Lemberg Law, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiffs